FILED

1 | ELLEN R. SERBIN, State Bar No. 128895
**PERONA, LANGER, BECK, SERBIN & MENDOZA**
2 | A Professional Corporation
300 East San Antonio Drive
3 | Long Beach, California 90807-0948
(562) 426-6155   Fax (562) 490-9823
4 | ellen@plblaw.com

[SPACE BELOW FOR COURT USE ONLY]

2012 FEB -8  AM 10: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

5 | Attorneys for Plaintiff, VICTORIA L. SANBORN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

CV 12 - 01063 CAS SPx

VICTORIA L SANBORN,

    Plaintiff,

    v.

ABBOTT VASCULAR INC., a Delaware Corporation; ABBOTT LABORATORIES, an Illinois Corporation; and DOES 1 through 50, inclusive,

    Defendants.

CASE NO.

**COMPLAINT FOR DAMAGES FOR**

**(1)** Employment Discrimination in Violation of *Government Code* §12940(a) Based on a Physical Disability;

**(2)** Employment Discrimination in Violation of *Government Code* §12940(m) Based on a Failure to Reasonably Accommodate;

**(3)** Employment Discrimination in Violation of *Government Code* §12940(n) Based on the Failure to Engage in the Interactive Process;

**(4)** Employment Discrimination in Violation of *Government Code* §12940(a) Based on a Perceived Disability;

**(5)** Wrongful Termination in Violation of Public Policy

**(6)** Failure to Provide COBRA Notification in Violation of 29 U.S.C.A §1166(a)

**Jury Trial Demanded**

Plaintiff, VICTORIA L. SANBORN, alleges as follows:

## JURISDICTION AND VENUE

1.     There is complete diversity of citizenship between the Plaintiff and all Defendants in this matter.  As will be more fully explained below, the amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.  Therefore, this court has jurisdiction over this dispute by virtue of 28 U.S.C.A. §1332.

2.     Plaintiff, VICTORIA L. SANBORN ("Plaintiff"), is and has been an individual residing in Riverside County, in the State of California.

3.     Plaintiff is informed and believes, and based thereon alleges, that Defendant, ABBOTT VASCULAR INC. is, and at all times relevant to this action was, a Delaware Corporation, and a division of Defendant, ABBOTT LABORATORIES, an Illinois Corporation, and at all times relevant to this action was, licensed to do business in, and is doing business in, the County of Riverside, State of California, at 26531 Ynez Road, Temecula, California 92591.

4.     Defendants ABBOTT VASCULAR INC. and ABBOTT LABORATORIES are, and at all times relevant to this action were, "employers" within the meaning of *Government Code* §12926(d).

5.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

6.     Plaintiff, VICTORIA L. SANBORN ("Plaintiff"), has exhausted her administrative remedies by the timely request of a Right-to-Sue notice from the California Department of Fair Employment and Housing within one year of the events alleged herein.

7.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names and capacities.  Plaintiff will amend her complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and on that basis alleges, that each such fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were directly caused by the conduct of such Defendants.

8.     Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, each and every Defendant was the authorized agent, representative, affiliate or employee of each and every other Defendant and, in doing the things alleged, was acting within the course and scope of such agency, affiliation or employment and, in doing the acts alleged herein, was acting with the consent, permission, authorization, and ratification of each of the remaining Defendants.  All actions alleged herein were also ratified and approved by the officers, directors or managing agents of each Defendant.

9.     Defendants ABBOTT VASCULAR INC., ABBOTT LABORATORIES, and Does 1 through 50, will be referred to collectively as "Defendants."

## GENERAL ALLEGATIONS

10.    From approximately 1988 until September 8, 2011, the date of her termination, Plaintiff was employed full-time by Defendants.  During her nearly 23 years with the company, the Plaintiff held various positions.  Her last position with Defendants was as a Customer Service Senior Specialist IV.

/ / /

/ / /

COMPLAINT FOR DAMAGES

11.     At all times relevant to this action Plaintiff suffered physical disabilities within the meaning of *Government Code* §§12926(k) and 12926.1(c).

12.     On or about, March 28, 2010, Plaintiff was placed on an approved medical leave of absence to undergo surgery on her neck after being diagnosed with cervical radiculitus, degenerative disc disease and two ruptured discs.

13.     Plaintiff's treating physician released her to return to work on October 4, 2010 without restrictions.

14.     In or about February 2011, the Plaintiff requested a second leave of absence from Defendants to undergo surgery to her right hand for carpal tunnel syndrome.  Defendants approved the Plaintiff's second medical leave of absence which began on or about March 9, 2011.  Plaintiff underwent surgery on March 10, 2011.

15.     At all times relevant to this action, Plaintiff kept Defendants informed of her medical condition and provided doctor's notes to Defendants reflecting the dates of her medical leave of absence and her anticipated date of return.

16.     On or about April 25, 2011, the Plaintiff was released to return to work on a full-time basis.  Upon her return to work, the Defendants notified the Plaintiff in writing that her former position was no longer open. Defendants gave Plaintiff the option of being placed on a Personal Leave of Absence ("PLOA") or resigning.  They told Plaintiff that if she elected PLOA, she would be allowed to "explore opportunities of interest" with Defendants via their job board for which she may be qualified.

17.     Defendants further notified the Plaintiff in writing that if she did not return to a "regular Abbott position" by September 7, 2011, the end of her approved PLOA period, the Plaintiff could be terminated.

18.   During her approved PLOA period, the Plaintiff applied for no less than fifteen (15) jobs posted by Defendants on the Abbot job board. Defendants rejected Plaintiff's applications and denied her employment.

19.   At all times relevant to this action, Plaintiff is informed and believes, and based thereon alleges, that there were vacant positions for which she was qualified to perform and could perform with or without a reasonable accommodation, including a customer service specialist position.

20.   On September 12, 2011, after 23 years of employment, the Defendants notified the Plaintiff that she was terminated effective September 8, 2011.

21.   Plaintiff is informed and believes, and based thereon alleges, that Defendants and each of them discriminated against her in violation of the *California Fair Employment and Housing Act* ("FEHA"), *Government Code* §12900, *et seq.*, by terminating her because of her physical disability, denying her employment because Defendants regarded her as having physical or mental disabilities, or a history or record of having these conditions, failing to reasonably accommodate Plaintiff by not reassigning her to a vacant position she was qualified to perform with or without a reasonable accommodation, failing to engage in a good faith, interactive process to determine whether she could be accommodated in another position, and terminating her in violation of public policy and the Defendants' own short-term medical leave of absence policy.

## FIRST CAUSE OF ACTION

**(For Employment Discrimination in Violation of *Government Code* §12940(a) Based on a Physical Disability)**

22.   Plaintiff incorporates by reference paragraphs 1 through 21 as though set forth in full.

COMPLAINT FOR DAMAGES

23.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, each and every Defendant was the agent and employee of each and every other Defendant and, in doing the things alleged, was acting within the course and scope of such agency and employment and, in doing the acts alleged herein, was acting with the consent, permission, authorization, and ratification of each of the remaining Defendants.  All actions alleged herein were also ratified and approved by the officers or managing agents of each Defendant including, but not limited to, Sue Gutek, Sr. Leave Specialist and Jensen H. Shirley, EdD, Mgr. Diversity, Inclusion & Compliance.  Plaintiff is unsure of the names or job titles of the officers or managing agents that ratified or approved the conduct alleged herein and therefore reserves the right to amend her complaint when the names of these individuals are ascertained.

24.    At all times relevant to this action, Plaintiff had a physical disability within the meaning of *Government Code* §§12926(k) and 12926.1(c).

25.    Plaintiff is informed and believes, and based thereon alleges, that Defendants discriminated against her in the terms, conditions, or privileges of employment in violation of FEHA, *Government Code* §12940(a) by refusing to reasonably accommodate her or engage in the interactive process to determine whether she could be reasonably accommodated in another position with the company and by terminating her.

26.    Plaintiff is informed and believes, and based thereon alleges, that following her release to return to work on or about April 25, 2011 up through and including the date of her termination there were vacant positions with Defendants for which the Plaintiff was qualified and could perform with or without a reasonable accommodation.

27.    Plaintiff has exhausted her administrative remedies against Defendants as set forth in paragraph 6.

COMPLAINT FOR DAMAGES

28.     As a direct result of the unlawful employment practices by Defendants, Plaintiff has suffered lost wages and benefits in an amount which has not yet been ascertained.  When such damages have been ascertained, Plaintiff will amend her complaint accordingly or according to proof at the time of trial.

29.     As a direct result of the unlawful employment practices by Defendants, Plaintiff has suffered embarrassment, humiliation, mental anguish, and anxiety, all to Plaintiff's damages in an amount according to proof.

30.     Plaintiff is entitled to recover her reasonable attorneys' fees and costs of suit as provided by *Government Code* §12965(b).

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, and in reckless disregard of the Plaintiff's rights under FEHA. With a conscious disregard of the Plaintiff's civil rights and in violation of public policy, Defendants terminated Plaintiff because of her physical disability and her request for a reasonable accommodation.  Defendants failed or refused to reasonably accommodate the Plaintiff or engage in the good faith, interactive process to determine whether they could reasonably accommodate Plaintiff by reassigning her to another vacant position upon her release to return to work and terminated her after 23 years of employment. Plaintiff is therefore entitled to punitive damages commensurate with the wealth of Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (For Employment Discrimination in Violation of *Government Code* §12940(m) Based on a Failure to Reasonably Accommodate)

32.   Plaintiff incorporates by reference paragraphs 1 through 31 as though set forth in full.

33.   Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, each and every Defendant was the agent and employee of each and every other Defendant and, in doing the things alleged, was acting within the course and scope of such agency and employment and, in doing the acts alleged herein, was acting with the consent, permission, authorization, and ratification of each of the remaining Defendants.  All actions alleged herein were also ratified and approved by the officers or managing agents of each Defendant including, but not limited to, Sue Gutek, Sr. Leave Specialist and Jensen H. Shirley, EdD, Mgr. Diversity, Inclusion & Compliance.  Plaintiff is unsure of the names or job titles of the officers or managing agents that ratified or approved the conduct alleged herein and therefore reserves the right to amend her complaint when the names of these individuals are ascertained.

34.   At all times relevant to this action, Plaintiff had a physical disability within the meaning of *Government Code* §§12926(k) and 12926.1(c).

35.   Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, Defendants discriminated against her in violation of FEHA, *Government Code* §12940(m), by refusing to reasonably accommodate her by reassigning her to another vacant position for which she was qualified and could perform with or without a reasonable accommodation.

36.   Plaintiff is informed and believes, and based thereon alleges, that following her release to return to work on or about April 25, 2011 up through and including the date of her termination there were vacant positions for

COMPLAINT FOR DAMAGES

which she was qualified and could perform with or without a reasonable accommodation.

37.    Plaintiff has exhausted her administrative remedies against Defendants as set forth in paragraph 6.

38.    As a direct result of the unlawful employment practices by Defendants, Plaintiff has suffered lost wages and benefits in an amount which has not yet been ascertained.  When such damages have been ascertained, Plaintiff will amend her complaint accordingly or according to proof at the time of trial.

39.    As a direct result of the unlawful employment practices by Defendants, Plaintiff has suffered embarrassment, humiliation, mental anguish, and anxiety, all to Plaintiff's damages in an amount according to proof.

40.    Plaintiff is entitled to recover her reasonable attorneys' fees and costs of suit as provided by *Government Code* §12965(b).

41.    Plaintiff is informed and believes, and based thereon alleges, that Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, and in reckless disregard of the Plaintiff's rights under FEHA. With a conscious disregard of the Plaintiff's civil rights and in violation of public policy, Defendants failed or refused to reasonably accommodate the Plaintiff or engage in the interactive process to determine whether they could reasonably accommodate Plaintiff by reassigning her to another vacant position upon her release to return to work and instead, terminated her after 23 years of employment.  Plaintiff is therefore entitled to punitive damages commensurate with the wealth of Defendants.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### (For Employment Discrimination in Violation of *Government Code* §12940(n) Based on the Failure to Engage in the Interactive Process)

42.    Plaintiff incorporates paragraphs 1 through 41 by reference as though set forth in full.

43.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, each and every Defendant was the agent and employee of each and every other Defendant and, in doing the things alleged, was acting within the course and scope of such agency and employment and, in doing the acts alleged herein, was acting with the consent, permission, authorization, and ratification of each of the remaining Defendants.  All actions alleged herein were also ratified and approved by the officers or managing agents of each Defendant including, but not limited to, Sue Gutek, Sr. Leave Specialist and Jensen H. Shirley, EdD, Mgr. Diversity, Inclusion & Compliance.  Plaintiff is unsure of the names or job titles of the officers or managing agents that ratified or approved the conduct alleged herein and therefore reserves the right to amend her complaint when the names of these individuals are ascertained.

44.    At all times relevant to this action, Plaintiff had a physical disability within the meaning of *Government Code* §§12926(k) and 12926.1(c).

45.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, Defendants failed to engage in a good faith, interactive process with Plaintiff to determine an effective reasonable accommodation for her known physical disability in violation of FEHA, *Government Code* §12940(n).

46.    Plaintiff is informed and believes, and based thereon alleges, that following her release to return to work on or about April 25, 2011, up through and including the date of her termination, there were vacant positions for

1   which she was qualified and could perform with or without a reasonable
2   accommodation.

3       47.    Plaintiff has exhausted her administrative remedies against
4   Defendants as set forth in paragraph 6.

5       48.    As a direct result of the unlawful employment practices by
6   Defendants, Plaintiff has suffered lost wages and benefits in an amount which
7   has not yet been ascertained.  When such damages have been ascertained,
8   Plaintiff will amend her complaint accordingly or according to proof at the time
9   of trial.

10      49.    As a direct result of the unlawful employment practices by
11  Defendants, Plaintiff has suffered embarrassment, humiliation, mental
12  anguish, and anxiety, all to Plaintiff's damages in an amount according to
13  proof.

14      50.    Plaintiff is entitled to recover her reasonable attorneys' fees and
15  costs of suit as provided by *Government Code* §12965(b).

16      51.    Plaintiff is informed and believes, and based thereon alleges, that
17  Defendants committed the acts alleged herein maliciously, fraudulently,
18  oppressively, and in reckless disregard of the Plaintiff's rights under FEHA.
19  With a conscious disregard of the Plaintiff's civil rights and in violation of
20  public policy, Defendants failed or refused to engage in the good faith,
21  interactive process to determine whether they could reasonably accommodate
22  Plaintiff by reassigning her to another vacant position upon her release to
23  return to work.  Plaintiff applied for numerous positions posted on the
24  Defendants' job board but was denied employment.  Plaintiff is therefore
25  entitled to punitive damages commensurate with the wealth of Defendants.
26  / / /
27  / / /
28  / / /

F:\Users\11\3100\Pleadings\complaint.frm          -11-

## FOURTH CAUSE OF ACTION

### (For Employment Discrimination in Violation of *Government Code* §12940(a) Based on a Perceived Disability)

52.     Plaintiff incorporates by reference paragraphs 1 through 51 as though set forth in full.

53.     Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, each and every Defendant was the agent and employee of each and every other Defendant and, in doing the things alleged, was acting within the course and scope of such agency and employment and, in doing the acts alleged herein, was acting with the consent, permission, authorization, and ratification of each of the remaining Defendants.  All actions alleged herein were also ratified and approved by the officers or managing agents of each Defendant including, but not limited to, Sue Gutek, Sr. Leave Specialist and Jensen H. Shirley, EdD, Mgr. Diversity, Inclusion & Compliance.  Plaintiff is unsure of the names or job titles of the officers or managing agents that ratified or approved the conduct alleged herein and therefore reserves the right to amend her complaint when the names of these individuals are ascertained.

54.     Plaintiff is informed and believes, and based thereon alleges, that at all times relevant to this action, Defendants discriminated against Plaintiff in violation of FEHA, *Government Code* §12940(a) by terminating Plaintiff or denying her employment because Defendants treated or regarded her as having or having had a physical or mental disability or a record or history of a physical or mental disability pursuant to *Government Code* §§12926(i)(4)(5) or (k)(4)(5).

55.     As a direct result of the unlawful employment practices by Defendants,  Plaintiff has suffered lost wages and benefits in an amount which has not yet been ascertained.  When such damages have been

1  ascertained, Plaintiff will amend her complaint accordingly or according to
2  proof at the time of trial.
3      56.    As a direct result of the unlawful employment practices by
4  Defendants, Plaintiff has suffered embarrassment, humiliation, mental
5  anguish, and anxiety, all to Plaintiff's damages in an amount according to
6  proof.
7      57.    Plaintiff has exhausted her administrative remedies against
8  Defendants as set forth in paragraph 6.
9      58.    Plaintiff is entitled to recover her reasonable attorneys' fees and
10 costs of suit as provided by *Government Code* §12965(b).
11     59.    Plaintiff is informed and believes, and based thereon alleges, that
12 Defendants, with the consent, permission, authorization, and ratification of
13 their officers, directors, or managing agents of the corporation, acted
14 maliciously, fraudulently, oppressively, and in reckless disregard of the
15 Plaintiff's known rights under FEHA.  With a conscious disregard of the
16 Plaintiff's civil rights and in violation of public policy, Defendants terminated
17 Plaintiff's employment because they treated or regarded Plaintiff as having or
18 having had a physical or mental disability, or a history of such conditions.
19 Plaintiff is therefore entitled to punitive damages commensurate with the
20 wealth of Defendants.
21
22               **FIFTH CAUSE OF ACTION**
23      **(For Wrongful Termination in Violation of Public Policy)**
24     60.    Plaintiff incorporates by reference paragraphs 1 through 59 as
25 though set forth in full.
26     61.    Plaintiff is informed and believes, and based thereon alleges, that
27 at all times relevant to this action, each and every Defendant was the agent
28 and employee of each and every other Defendant and, in doing the things

1  alleged, was acting within the course and scope of such agency and
2  employment and, in doing the acts alleged herein, was acting with the
3  consent, permission, authorization, and ratification of each of the remaining
4  Defendants.  All actions alleged herein were also ratified and approved by the
5  officers or managing agents of each Defendant including, but not limited to,
6  Sue Gutek, Sr. Leave Specialist and Jensen H. Shirley, EdD, Mgr. Diversity,
7  Inclusion & Compliance.  Plaintiff is unsure of the names or job titles of the
8  officers or managing agents that ratified or approved the conduct alleged
9  herein and therefore reserves the right to amend her complaint when the
10 names of these individuals are ascertained.

11      62.    *Government Code* §12920 provides that it is public policy in the
12 State of California that employees have the right to seek, obtain and hold
13 employment without discrimination or abridgment on account of a physical or
14 mental disability or a perceived disability.

15      63.    Plaintiff is informed and believes, and based thereon alleges, that
16 Defendants refused to reasonably accommodate her and terminated her
17 because of her physical disability or perceived physical disability in violation of
18 the public policy and the provisions of *Government Code* §12940*, et seq.*

19      64.    As a direct result of the unlawful employment practices by
20 Defendants,  Plaintiff has suffered lost wages and benefits in an amount
21 which has not yet been ascertained.  When such damages have been
22 ascertained, Plaintiff will amend her complaint accordingly or according to
23 proof at the time of trial.

24      65.    As a direct result of the unlawful employment practices by
25 Defendants, Plaintiff has suffered embarrassment, humiliation, mental
26 anguish, and anxiety, all to Plaintiff's damages in an amount according to
27 proof.

28 / / /

66.     Plaintiff is informed and believes, and based thereon alleges, that Defendants committed the acts alleged herein maliciously, fraudulently, oppressively, and in reckless disregard of the Plaintiff's rights under FEHA. With a conscious disregard of the Plaintiff's civil rights, Defendants refused to reasonably accommodate Plaintiff and terminated her because of her physical disability, or perceived physical or mental disability, in violation of the public policy and the provisions of *Government Code* §12940*, et seq.*  Plaintiff is therefore entitled to punitive damages commensurate with the wealth of Defendants.

## SIXTH CAUSE OF ACTION

### (For Failure to Provide COBRA Notification in Violation of 29 U.S.C.A. §1166(a))

67.     Plaintiff incorporates by reference paragraphs 1 through 66 as though set forth in full.

68.     The Consolidated Omnibus Budget Reconciliation Act ("COBRA"), provides that an employer allow a former employee the opportunity to continue health care coverage under the employer's plan if a qualifying event occurs.  Termination is a qualifying event.  Once a qualifying event occurs, COBRA mandates that the employee be notified of her rights under COBRA. (29 U.S.C.A. §1166.)

69.     Defendants terminated Plaintiff on September 8, 2011.

70.     To date, Plaintiff has not received notice of her rights under COBRA as required by law.

71.     As a direct result of the Defendants' violation of the notice requirements under COBRA, Plaintiff has been denied COBRA continuation coverage and as a consequence, has and will incur actual damages including,

/ / /

but not limited to, medical expenses, in an amount which will be shown according to proof at the time of trial.

72.   Plaintiff is entitled to penalties under 29 U.S.C. §1132(c) in an amount up to $100 for each day Defendants have violated the COBRA notice requirements.

73.   Plaintiff is entitled to recover her reasonable attorneys' fees and costs of suit as provided by 29 U.S.C. §1132(g).

## **REQUEST FOR JURY TRIAL**

Plaintiff requests a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

## **AS TO THE FIRST THROUGH FOURTH CAUSES OF ACTION:**

1.   For back pay, front pay, and other monetary relief according to proof;

2.   For general damages according to proof;

3.   For punitive damages commensurate with the wealth of the Defendants;

4.   For prejudgment interest on the sum of damages awarded, calculated from September 8, 2011 to the date of the judgment;

5.   For reasonable attorneys' fees pursuant to *Government Code* §12965(b);

## **AS TO THE FIFTH CAUSE OF ACTION:**

6.   For back pay, front pay, and other monetary relief according to proof;

COMPLAINT FOR DAMAGES

7. For general damages according to proof;

8. For prejudgment interest on the sum of damages awarded, calculated from September 8, 2011 to the date of the judgment;

9. For punitive damages commensurate with the wealth of the Defendants;

## AS TO THE SIXTH CAUSE OF ACTION:

10. For actual damages, including but not limited to, medical expenses incurred;

11. For penalties in an amount to be determined by the court for each day Defendants have violated the COBRA notice requirements;

12. For reasonable attorneys' fees pursuant 29 U.S.C. §1132(g);

## AS TO ALL CAUSES OF ACTION:

13. For costs of suit herein incurred; and

14. For such other and further relief as the court deems proper.

DATED: February 6, 2012.

ELLEN R. SERBIN, a Member of
PERONA, LANGER, BECK,
SERBIN & MENDOZA
A Professional Corporation
Attorneys for Plaintiff, Victoria L. Sanborn

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

### CV12- 1063 CAS (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

ELLEN R. SERBIN, State Bar No. 128895
Perona, Langer, Beck, Serbin & Mendoza
300 East San Antonio Drive
Long Beach, California 90807-0948
(562) 426-6155; Fax: (562) 490-9823
Ellen@plblaw.com.  Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA L. SANBORN, | CASE NUMBER |
| PLAINTIFF | CV 12 - 01063 CAS SPX |
| v. | |
| ABBOTT VASCULAR INC., a Delaware Corporation; ABBOTT LABORATORIES, an Illinois Corporation; and DOES 1 through 50, inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _____ELLEN R. SERBIN_____, whose address is __300 E. San Antonio Drive, Long Beach, California 90807-0948__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

TERRY NAFISI
Clerk, U.S. District Court

Dated: ____**FEB - 8 2012**____

By: _____
L. MURRAY
Deputy Clerk

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)]._

CV-01A (16/11)                                  SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| VICTORIA L. SANBORN | ABBOTT VASCULAR INC., a Delaware Corporation; ABBOTT LABORATORIES, an Illinois Corporation; and DOES 1 through 50 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| ELLEN R. SERBIN, State Bar No. 128895.  ellen@plblaw.com<br>PERONA, LANGER, BECK, SERBIN & MENDOZA<br>300 E. San Antonio Dr., Long Beach, CA 90807-0948; (562) 426-6155 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ in excess of $75,000.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C.A. §1332 based on diversity and 29 U.S.C.A. §1166(a) for failure to provide COBRA notification.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV 12 - 01063 CAS**

**FOR OFFICE USE ONLY:**   Case Number: _____

**SPx**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

FEB - 8 2012

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ ⠀Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff, Victoria Sanborn - Riverside county | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ ⠀Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant, Abbott Vascular, Inc.<br>Defendant, Abbott Laboratories | State of Delaware<br>State of Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
⠀⠀⠀**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside county | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date February 6, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |